

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA MARILANDA TOMAS HERNANDEZ, | Case No.: 3:25-cv-3294-CAB-MMP |
| Petitioner, | **ORDER:**<br>**(1) GRANTING TEMPORARY RESTRAINING ORDER [Doc. No. 2]; AND** |
| v. | |
| CHRISTOPHER J. LAROSE, et al., | **(2) ORDERING BRIEFING ON PETITION FOR HABEAS CORPUS [Doc. No. 1].** |
| Respondents. | |

Before the Court is Petitioner Norma Marilanda Tomas Hernandez's ("Petitioner") petition for a writ of habeas corpus and motion for temporary restraining order ("TRO"). [Doc. Nos. 1, 2.] In May 2024, Petitioner, a Guatemalan national, entered the United States with her daughter and husband. [Doc. No. 1 at 3.] Petitioner was immediately placed in removal proceedings before Immigrations and Customs Enforcement ("ICE") released her on her own recognizance. [*Id.*; Doc. No. 1-3 at 1.] On May 29, 2025, an immigration judge ordered Petitioner removed and denied her applications for relief via asylum or withholding of removal to Guatemala. [Doc. No. 1-4 at 1.] In October 2025, ICE re-detained Petitioner without a hearing. [Doc. No. 1 at 3, 10.] Petitioner alleges that, *inter*

*alia*, her re-detention without a hearing violates the Due Process Clause of the Fifth Amendment. [*Id.* at 11; Doc. No. 2 at 3.]

Petitioner states that she sent a copy of the habeas petition and TRO to the Department of Homeland Security's Office of Principal Legal Advisor. [Doc. No. 2 at 5.] Counsel for Respondents also filed notices of appearance on November 28, 2025. [Doc. Nos. 3, 4.] For the reasons described below, the Court **GRANTS** the temporary restraining order and **ORDERS** briefing on the habeas petition.

## I.   LEGAL STANDARD

The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Under the *Winter* standard, a party is entitled to a preliminary injunction if he demonstrates (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A party must make a showing on all four prongs. *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018).

## II.   DISCUSSION

### A.   Likelihood of Success on the Merits

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to aliens as it does U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata*

1  *v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025)

2  (listing cases).  Indeed, "the government's decision to release an individual from custody

3  creates an implicit promise, upon which that individual may rely, that their liberty will be

4  revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F.

5  Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (internal quotation marks omitted)

6  (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

7      In *Valencia Zapata*, the Northern District of California granted a TRO for a group

8  of aliens who were detained by U.S. immigration officials, released on their own

9  recognizance, and then re-detained by ICE without explanation.  2025 WL 2578207, at *2.

10  The court held that the petitioners had a protectable liberty interest in remaining out of

11  custody and thus had to be given notice and a hearing prior to being taken back into

12  custody.  *Id.* at *3.  Here, Petitioner was similarly apprehended by immigration officials,

13  released on her own recognizance, and then re-detained without a hearing, which violates

14  the due process to which she is entitled.  The Court finds Petitioner will likely succeed on

15  the merits of her claim.  *See Pinchi*, 792 F. Supp. 3d at 1036 (finding likelihood of success

16  where petitioner was released on her own recognizance then re-detained by ICE agents

17  without notice nor pre-detention hearing).

18      **B.    Irreparable Harm**

19      Petitioner is likely to face irreparable harm without relief.  "It is well established that

20  the deprivation of constitutional rights unquestionably constitutes irreparable injury."

21  *Hernandez v. Session*, 872 F.3d 976, 994 (9th Cir. 2017) (internal quotation marks

22  omitted).  As Petitioner's detention without notice nor a hearing is likely unconstitutional,

23  she carries her burden as to irreparable harm.  *See id.* at 995; *see also Valencia Zapata*,

24  2025 WL 2578207, at *3.

25      **C.    Balance of Equities; Public Interest**

26      The final two *Winter* factors, which merge when the government is the nonmoving

27  party, weigh in Petitioner's favor.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

28  "[T]he public has a strong interest in upholding procedural protections against unlawful

detention." *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020).  And it "is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). As to the balance of equities, the government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).  Like other courts have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Valencia Zapata*, 2025 WL 2578207, at *4.

### D.    Bond

A court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks omitted) (emphasis in original).  If there is no realistic likelihood of harm to the respondent from enjoining the disputed conduct, "the district court may dispense with the filing of a bond[.]" *Id.*  The Court finds no likelihood of harm to Respondents and **DECLINES** to set bond.

///
///
///
///
///
///
///
///
///
///

## III.    CONCLUSION

As Petitioner has satisfied all TRO requirements and demonstrated that her detention is likely unlawful under the Due Process Clause of the Fifth Amendment, the Court **GRANTS** the TRO.  Respondents are **ORDERED** to immediately release Petitioner from custody under the same conditions as her order of release on recognizance.  Respondents are further **ENJOINED** from re-detaining her for any purpose without notice and a pre-detention hearing before a neutral decisionmaker.  Respondents shall file a response to the habeas petition by **December 8, 2025**.  Petitioner may file a reply by **December 10, 2025**. The Court may order a hearing after reviewing the briefing.

It is **SO ORDERED**.

Dated: December 1, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge